IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronnie Hough, Jr., | ) | C/A No. 1:11-1141-MBS-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| William R. Byars, Jr., Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Ronnie Hough, Jr. is an inmate at the South Carolina Department of Corrections who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C. for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #28, #29]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #30]. Petitioner file a timely response in opposition to Respondent's motion. [Entry #34]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment [Entry #28] be granted.

I.    Factual Background

In March 2006, Petitioner was charged in York County with armed robbery and criminal conspiracy, among other charges, arising out of the armed robbery of a Food

Lion in Clover, South Carolina on December 12, 2005. Petitioner was represented by Michael Brown, Esq., and on June 20, 2006, pled guilty before the Honorable Lee S. Alford to armed robbery and conspiracy in exchange for a dismissal of the drug and pistol charges and a recommendation from the State that his sentence be capped at 20 years. [Entry #29-1 at 3–28]. Judge Alford sentenced Petitioner to 20 years for armed robbery and 5 years concurrent for conspiracy. *Id.* at 27.

Petitioner filed no direct appeal. He filed a postconviction relief ("PCR") application on October 3, 2006, as amended September 28, 2007, asserting the following grounds: (1) ineffective assistance of counsel; (2) due process violations; (3) prosecutorial misconduct; and (4) sentence calculation error ("I was entitled to 1/3 sentence once I plead guilty as first time offender."). *Id.* at 35–45. An evidentiary hearing was held on October 30, 2008, before the Honorable John C. Hayes III, at which Petitioner testified and was represented by Richard B. Fennell, Esq. *Id.* at 52–65. The record remained open to allow testimony from trial counsel. *Id.* at 63–64. On December 16, 2008, trial counsel testified regarding his representation of Petitioner. *Id.* at 66–71. By order dated December 19, 2008, Judge Hayes denied PCR relief, reaching the merits of only the ineffective assistance of counsel allegation with respect to Petitioner having received a 20 year sentence. *Id.* at 72–78. Judge Hayes found that Petitioner's (1) due process violation was not alleged with specificity and failed to make a prima facie showing; (2) prosecutorial misconduct allegation was a direct appeal issue that was procedurally barred at PCR; (3) sentence calculation error is a statutory claim that must first be raised under the

Administrative Procedures Act.  Petitioner did not file a Rule 59(e), SCRCP, Motion to Alter or Amend.

On January 21, 2009, Petitioner appealed the denial of his PCR application, which was perfected on November 3, 2009 with a *Johnson*[1] Petition for Writ of Certiorari filed by Kathrine H. Hudgins, Esq. of the South Carolina Commission on Indigent Defense Office, Division of Appellate Defense.  [Entry #29-3].  The *Johnson* petition raised as the sole issue: Was the guilty plea resulting in a twenty year sentence rendered involuntary by the fact that Petitioner believed he would only receive a ten year sentence?  *Id.* at 3. Petitioner's counsel asserted that the petition was without merit and requested permission to withdraw from further representation.  *Id.* at 8.  Petitioner did not file a pro se brief.

On September 23, 2010, after careful consideration of the entire record as required by *Johnson*, the South Carolina Supreme Court denied the petition and granted counsel's request to be relieved. [Entry #29-4].  The remittitur was issued on October 12, 2010. [Entry #29-5]. This federal habeas petition followed.

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals).  *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  *Anders*, 386 U.S. at 744.

II.    Discussion

A.    Federal Habeas Issues

Petitioner now asserts he is entitled to a writ of habeas corpus on the following

grounds:

Ground One:         Involuntary guilty plea where trial counsel was ineffective in
                    advising Petitioner that he would receive a ten year sentence and
                    guilty plea was based on advice.

                    Supporting Facts: Petitioner testified that he told counsel that he
                    would plead guilty to ten years and counsel said most likely he
                    would get ten years. Petitioner told counsel he wanted to see his son
                    grow. App. p. 56, line 6–15. Petitioner testified that he thought he
                    was going to get ten years. App. p. 59, line 6–10. Trial counsel
                    testified that he (counsel) gambled and it did not come out right, that
                    hopefully Petitioner would get less than a twenty and counsel was
                    hoping for a fifteen with the set of facts and it didn't come out. He
                    wasn't happy with the result and thought Petitioner should have got
                    less time. App. p. 73, line 1–19.

Ground Two:         Ineffective assistance for failure to adequately investigate possible
                    defenses in order to properly advise Petitioner of possible defenses.

                    Supporting Facts: Counsel testified he don't recall whether him or
                    his paralegal or the investigator gave Petitioner a copy of the
                    discovery and that he wouldn't have done a memo of meetings with
                    the Petitioner with anyone other than his paralegal. That he wouldn't
                    have done a memo reflecting a meeting between him and the
                    Petitioner. That he didn't know if Petitioner carried a gun because
                    he wasn't there. App. p. 69–71. That he gambled and it didn't come
                    out right. App. p. 73. That he don't keep track of such things as
                    Petitioner paying him seven thousand dollars. App. p. 74, line 3–7.

Ground Three:       Ineffective assistance for failure to perfect appeal.

                    Supporting Facts: Petitioner's trial counsel did not file the Notice of
                    Appeal as requested by Petitioner and Petitioner had issues

dismissed because they were not cognizable in a post-conviction relief application.  App. p. 78–79 and p. 80–81.  Such issues are: 1.Prosecutorial misconduct; 2."Singled out for unfair treatment by the Solicitor's Office and that his age and lack of criminal record entitled him to a lesser sentence."

Ground Four:          The Court lack jurisdiction to sentence.

Supporting Facts:  The Court lack jurisdiction to sentence upon the 16-11-330(a) statute doesn't state in part that this is a no parolable offense arm robbery nor 7 years and I'm under incorrect statute see Grievance No. Lee CI 1811-10 Spencer Utsey 192660 this grievance was filed at Lee Corr. Inst.

[Entry #1 at 5–14].

B.    Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.    Habeas Corpus Standard of Review

1.    Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established

federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

> 2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254 ("Section 2254"). This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
>> (A)    the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)    (i) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may

consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[2] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application,

---

[2]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

> b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default,[3] is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a

---

[3]If a petitioner procedurally bypasses his state-court remedies, he is procedurally barred from raising them in federal court.

claim because of an earlier default in the state courts, the federal court honors that bar.

As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (*quoting Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98

(1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

      3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

    D.    Analysis

      1.    Procedurally-Barred Grounds

As an initial matter, Respondent contends that Petitioner's Grounds Two, Three and Four are procedurally-barred to the extent that they was not raised in a direct appeal or PCR appeal. The undersigned agrees.

In Ground Two, Petitioner claims counsel was ineffective in failing to investigate possible defenses.  In Ground Three, Petitioner claims counsel was ineffective in failing to perfect an appeal.  In Ground Four, Petitioner claims the court lacked jurisdiction to sentence him, although he lodged no contemporaneous objection during the guilty plea and sentencing to the court's jurisdiction.[4]

These three grounds were not raised in the PCR, argued during the PCR proceeding, nor addressed by the PCR order.  Petitioner did not seek a ruling by filing a Rule 59(e) motion. Under state court procedure, the state supreme court has held that such issues are not preserved for consideration on appeal. *Marlar v. State*, 653 S.E.2d 266, 266 (S.C. 2007); *Simpson v. Moore*, 627 S.E.2d 701, 708 n.3 (S.C. 2006); *Harris v. State*, 581 S.E.2d 862 (S.C. 2003).

Therefore, to the extent that Grounds Two, Three, and Four were not raised in Petitioner's PCR appeal, they were not fairly presented to the South Carolina appellate courts and are procedurally-barred from federal habeas review.  *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be

---

[4]    Independently, Ground Four is not a cognizable federal habeas claim. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.); *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) (holding state court subject matter jurisdiction is a matter of state law). Furthermore, "[c]ircuit courts obviously have subject matter jurisdiction to try criminal matters." *State v. Gentry*, 610 S.E.2d 494, 499 (S.C. 2005), and the plea court had the authority to sentence Petitioner to 20 years as within the sentencing range in S.C. Code Ann. § 16-11-330 of between 10 and 30 years.

procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

    2.      Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of Grounds Two, Three, and Four. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, they are procedurally barred from consideration by this court and should be dismissed. *Id.*; *see* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (In order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.); *Wainwright v. Sykes,* 433 U.S. at 88–91; *Murray v. Carrier*, 477 U.S. 478 (1986); *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (*citing Murray v. Carrier*, 477 U.S. at 496); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *Bolender v. Singletary*, 898 F. Supp. 876, 881 (S.D. Fla. 1995).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray v. Carrier*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on his grounds. Petitioner had a guilty plea in which he raised no objection, was advised of his right to file a direct appeal, but did not file one, had a PCR hearing, and an appeal from the PCR in which to raise these claims. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve these specific issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

The relevant portion of the guilty plea transcript follows:

The Court:    Mr. Hough, you're charged today with armed robbery, which is classified as a felony and it carries a minimum sentence of ten years, a maximum sentence of thirty years. This is a no-parole offense, which means you should expect to serve the sentence that you get in this case. It's classified as a violent offense, which could affect your ability for parole, not only as

|                 |                                                                                                                                                                                                                                                          |
|-----------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                 | to this charge, but any other charge you might get in the future and also it could affect your ability to participate in certain programs down at the South Carolina Department of Corrections, this being a violent offense. Do you understand that?         |
| Mr. Hough:      | Yes, sir.                                                                                                                                                                                                                                                 |
| The Court:      | It's also classified as a most-serious offense. The importance of that is should you get two most-serious offenses on your record or a combination of three serious and most-serious offenses on your record, you could get a sentence of life without parole, so-called two strikes and three strikes rule. This would be one strike under either of those two scenarios. Do you understand that? |
| Mr. Hough:      | Yes, sir.                                                                                                                                                                                                                                                 |
| The Court:      | You're also charged today with criminal conspiracy, which is also classified as a felony, carries a maximum punishment of five years. Do you understand that charge and the maximum punishment you could receive on that charge? |
| Mr. Hough:      | Yes, sir.                                                                                                                                                                                                                                                 |
| The Court:      | Now, understanding the charges, the maximum and minimum sentences you could receive, the fact that this is a no-parole offense, a violent offense, and a most-serious offense, the armed robbery, understanding all of that, how do you plead to these two charges today, guilty or not guilty? |
| Mr. Hough:      | Guilty.                                                                                                                                                                                                                                                   |
| The Court:      | Do you understand that by pleading guilty you are giving up your right to remain silent? Do you understand that?                                                                                                                                           |
| Mr. Hough:      | Yes, sir.                                                                                                                                                                                                                                                 |
| The Court:      | Do you understand that by pleading guilty you're giving up your right to a trial by jury?                                                                                                                                                                  |
| Mr. Hough:      | Yes, sir.                                                                                                                                                                                                                                                 |
| The Court:      | Do you understand if you give up your right to a trial by jury, you also give up your right to assert any legal defenses that you might have in a jury trial?                                                                                               |
| Mr. Hough:      | Yes, sir.                                                                                                                                                                                                                                                 |
| . . . [Court reviews rights to jury trial] |                                                                                                                                                                                                                            |
| The Court:      | . . . do you still want to plead guilty or do you want me to set your cases for trial?                                                                                                                                                                      |
| Mr. Hough:      | Plead guilty.                                                                                                                                                                                                                                             |
| The Court:      | The Solicitor's Office has agreed to dismiss the other charges other than armed robbery and criminal conspiracy in return for your plea and they're recommending to the Court a cap, a maximum, of twenty years. Is that your understanding of the agreement you had with the Solicitor's Office in order to plead guilty to these two charges? |
| Mr. Hough:      | Yes, sir.                                                                                                                                                                                                                                                 |

| | |
|---|---|
| The Court: | Has anybody promised you anything other than that in order to get you to plead guilty? |
| Mr. Hough: | No, sir. |
| The Court: | Has anybody threatened you, coerced you, or forced you to plead guilty against your will? |
| Mr. Hough: | No, sir. |
| The Court: | Are you satisfied with the manner in which your attorney has advised and represented you in these cases? |
| Mr. Hough: | Yes, sir. |
| The Court: | Have you and your attorney fully discussed the charges against you? |
| Mr. Hough: | Yes, sir. |
| . . . | |
| The Court: | Are you pleading guilty today of your own free will? |
| Mr. Hough: | Yes, sir. |
| The Court: | Are you in fact guilty of these two charges, armed robbery and criminal conspiracy? |
| Mr. Hough: | Yes, sir. |
| The Court: | Please give me the facts. |

[Entry #29-1 at 5–10].

Whereupon, the Solicitor recited the facts and played two videos from the Food Lion surveillance cameras that revealed four individuals involved in an robbery at gunpoint at approximately 11 p.m, just before closing time. One of the individuals hit the cashier in the eye with a gun, which rendered her legally blind in that eye. The robbers took approximately $6,000 from the cash register and the safe and left in a getaway car. They pulled off the road and took off running, but police apprehended one of the codefendants moments later. Police apprehended Petitioner and two codefendants in a boat at the edge of a homeowner's lot. In the boat, the police found two guns, money from Food Lion, and bags with the blood of the cashier on it. The police took pictures of

the individuals upon their arrests, and they were identified on the surveillance cameras by their clothing.

After the Solicitor's recitation of the facts, the following colloquy took place:

The Court:    Mr. Hough, you've heard the facts as recited to the Court by the Solicitor's Office.  As a matter of fact, you've watched along with the Court at the video camera recording of what transpired in the building, at the Food Lion building.  Do you disagree in any way with what they say happened on these charges?

Mr. Hough.    No.

[*Id.* at 16].

The foregoing excerpt from the guilty plea colloquy reflects that Petitioner admitted he committed the crimes of armed robbery and criminal conspiracy, admitted the facts as recited by the Solicitor, and voluntarily entered his plea of guilty.

In light of the foregoing, Petitioner cannot show actual innocence.  Because Petitioner cannot establish actual innocence, the procedural bars apply as to Grounds Two, Three, and Four.

3.      Merits Review: Ground One

In Ground One, Petitioner claims counsel was ineffective in advising him that he would receive a 10-year sentence and he pled guilty on that advice.  Petitioner has properly exhausted this claim through raising it in his PCR appeal.

The PCR court found as follows:

The bulk of Applicant's application deals with claims related to the assistance provided to him by his lawyer, Michael Brown. Essentially, Hough contends that Mr. Brown took his money and did nothing until the day before his sentencing. At that point, Mr. Brown advised him that he

would not serve more than ten (10) years if he pled guilty. Mr. Hough testified that he had not met with Mr. Brown prior to that point and had not been told anything about the results of any private investigator work. Ultimately, he was driven by a desire to participate in at least part of his son's growing up, and he took the deal based on the assurance of a ten (10) year sentence.

The record is clear to the undersigned that Applicant was never given any assurances of a ten (10) year sentence. The record also does not support Applicant's charges against trial counsel.

Trial counsel testified that he met with Applicant at least twice and that his paralegal or investigator also met with Applicant. He testified Applicant was shown the State's entire discovery.

Trial counsel testified that there never was an offer from the State for ten years, that he entered into negotiations with the State, and that the best offer extended by the State was a cap of twenty years on the charge of assault and battery of a high and aggravated nature, criminal conspiracy and armed robbery with the State dismissing the drug and pistol charges. Trial counsel testified that he tried to get the State down to a fifteen (15) year cap, but the State refused to go below the twenty (20) year cap.

Trial counsel testified that he never told Applicant he would receive a ten (10) year sentence, did not force Applicant to plea and knew there was a gamble in regard to the sentence the court would impose. He further testified that he was unhappy with the result of the gamble and the sentence Applicant received. He testified Applicant's case was not set for trial on the day Applicant entered his plea.

Trial counsel testified that Applicant always wanted to plead to the charges although Applicant expressed concern about his son. Trial counsel testified Applicant was shown the discovery material, that, he, trial counsel, did not tell Applicant how to answer the court's questions and that he did inform Applicant that he could receive a twenty (20) year sentence.

Applicant has failed to carry his burden of proof. He has failed to prove any ineffective assistance of counsel pursuant to the Strickland, supra, standard. This finding ends the inquiry and Applicant's plea is not subject to analysis as to prejudice and no conduct of trial counsel amounted to error. See, Hill, supra.

[Entry # 29-1 at 77–78].

The undersigned finds that the state courts' denial of relief was not unreasonable within the meaning of § 2254(d). The guilty plea transcript recited above reveals Petitioner was informed and acknowledged that armed robbery carried a maximum sentence of 30 years, was a no parole offense and Petitioner "should expect to serve the sentence that [he got] in this case." *Id.* at 3. Petitioner was likewise informed and acknowledged that the state was recommending a maximum of 20 years. *Id.* at 6. Petitioner stated at his plea that he had received no other promises regarding his plea. *Id.*

During the PCR hearing, Petitioner testified he would plead guilty if he were to receive a 10 year sentence. *Id.* at 58. Petitioner testified that counsel informed him he could receive a 30 year sentence. *Id.* On cross-examination, Petitioner admitted he told the plea judge he wanted to plead guilty and he understood that the only promise he received was that the Solicitor's office would ask for a 20-year cap. *Id.* at 60. Petitioner's trial counsel testified there was never an offer of 10 years, and that he attempted unsuccessfully to get the 20 year cap reduced to 15 years, and that he advised Petitioner of the 20-year cap. *Id.* at 70.

The undersigned cannot find that the state courts failed to correctly determine that Petitioner failed to show deficient performance. Petitioner was informed of the range of sentences he was facing, voluntarily elected plea guilty, and lost the gamble that his relative culpability in the charged offenses and lack of a prior record would result in a less severe term of imprisonment. The undersigned recommends the court deny Petitioner

relief on Ground One, as the state courts' denial of this claim was not clearly not unreasonable for purposes of § 2254(d).

III.    Conclusion

For the foregoing reasons, the undersigned recommends Respondent's motion for summary judgment [Entry #28] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 12, 2011                              Shiva V. Hodges
Florence, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**