IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Ronnie Hough, Jr., | ) | C.A. No. 1:11-1141-MBS-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| William R. Byars, Jr., Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Ronnie Hough, Jr. ("Petitioner") is a prisoner in custody of the South Carolina Department of Corrections. On May 11, 2011, Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the action was referred to United States Magistrate Judge Shiva V. Hodges for review.

**Background**

In March 2006, Petitioner was charged in York County, South Carolina with armed robbery and criminal conspiracy, among other charges, arising out of the robbery of a Food Lion in Clover, South Carolina. Petitioner was represented by Michael Brown, Esq. On June 20, 2006, Petitioner pleaded guilty before the state court judge to armed robbery and conspiracy. At the sentencing proceeding, the state court judge informed Petitioner that the State had recommended his sentence be capped at twenty years in exchange for his guilty plea. Furthermore, the state court judge asked Petitioner if he was aware that he was pleading guilty to a no parole offense that carried a maximum sentence of thirty years imprisonment, to which Petitioner answered yes. Petitioner was sentenced to twenty years imprisonment for armed

robbery and five years imprisonment for conspiracy, to run concurrently. Petitioner alleges that he instructed his trial counsel to file a direct appeal but no direct appeal was filed.

On October 3, 2006, Petitioner filed a postconviction relief ("PCR") application, amended on September 28, 2007, asserting the following grounds: (1) ineffective assistance of counsel; (2) due process violations; (3) prosecutorial misconduct; and (4) sentence calculation error. Petitioner's ineffective assistance of counsel claim alleged that his attorney assured him that he would receive a ten year sentence if he pleaded guilty. On October 30, 2008, an evidentiary hearing was held before the PCR court, at which Petitioner testified and was represented by Richard B. Fennell, Esq. The record remained open to allow testimony from trial counsel. On December 16, 2008, trial counsel testified regarding his representation of Petitioner. By order dated December 19, 2008, the PCR court denied relief, reaching the merits of only the ineffective assistance of counsel allegation.

The PCR court evaluated testimony from Petitioner and trial counsel and found that Petitioner was never given any assurances of a ten year sentence. The PCR court considered trial counsel's testimony that he never told Petitioner that he would receive a ten year sentence. Trial counsel testified that there was never an offer from the State for a ten year sentence and that the best offer extended by the State was that they would recommend a cap of twenty years to the judge and dismiss the drug and weapon charges. Trial counsel also testified that he did not force Petitioner to plead guilty and knew there was a gamble in regard to the sentence the court would impose. The PCR court also considered Petitioner's testimony that trial counsel informed him of the possibility for a thirty-year sentence and Petitioner's affirmative answer when the state sentencing judge asked if he was aware he could get up to a thirty year sentence. Accordingly,

the PCR court found that Petitioner's claim of ineffective assistance of counsel failed on the merits.

The PCR court found that Petitioner's due process violation was not alleged with specificity and that Petitioner failed to make a prima facie showing; that the prosecutorial misconduct allegation was not raised on direct appeal and was therefore procedurally barred at the PCR stage; and that the sentence calculation error must be raised under the Administrative Procedures Act. After the PCR court denied relief, Petitioner did not file a Rule 59(e) motion to alter or amend a judgment pursuant to the South Carolina Rules of Civil Procedure.

On January 21, 2009, Petitioner filed a notice of appeal as to the PCR court's decision. On November 3, 2009, Katherine H. Hudgins, Esq. of the South Carolina Commission on Indigent Defense filed on behalf of Petitioner a *Johnson*[1] Petition for Writ of Certiorari with the South Carolina Supreme Court. ECF No. 29-3. The *Johnson* petition raised as the sole issue: Was the guilty plea resulting in a twenty year sentence rendered involuntary by the fact that Petitioner believed he would only receive a ten year sentence? Counsel asserted that the *Johnson* petition was without merit and requested permission to withdraw from further representation. On September 23, 2010, the South Carolina Supreme Court denied the petition and granted counsel's request to be relieved.

On May 11, 2011, Petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts he is entitled to habeas corpus relief on the following grounds: 1) Involuntary guilty plea based on ineffective assistance of trial counsel; 2) Ineffective assistance of trial counsel for failure to adequately investigate and advise Petitioner of possible defenses; 3) Ineffective assistance of trial counsel for failure to perfect an appeal

---

[1] See Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (requiring that counsel follow certain procedures before the court will consider permitting withdrawal of representation based on counsel's determination that his client's post-conviction appeal is meritless).

3

upon Petitioner's request; and 4) The state court lacked jurisdiction to sentence Petitioner to a "no parole offense" when S.C. Code Ann. 16-11-330(a) under which he was sentenced states that, "A person convicted under this subsection is not eligible for parole until the person has served at least seven years of the sentence," implying eligibility for parole.

On August 26, 2011, Respondent filed a motion for summary judgment. Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. Petitioner filed a timely response in opposition to Respondent's motion. On December 12, 2011, the Magistrate Judge filed a Report and Recommendation in which he found that Petitioner's second and third claims were procedurally barred because Petitioner failed to raise them in his PCR application or in his PCR appeal. Furthermore, the Magistrate Judge found that Petitioner did not allege any "cause and prejudice" excusing his failure to present those claims to the PCR court. Furthermore, the Magistrate Judge found that Petitioner could not show "actual innocence." The Magistrate Judge also found that Petitioner's fourth claim was procedurally barred for the reasons above but noted that the fourth claim also was not a cognizable federal habeas claim because the court cannot reexamine state court determinations of state law questions such as subject matter jurisdiction. See Wright v. Angelone, 151 F.3d 141, 158 (4th Cir. 1998).

The Magistrate Judge did, however, consider Petitioner's first claim on the merits, finding that Petitioner had properly exhausted this claim in state court. The Magistrate Judge reviewed the PCR court's findings and found that the denial of relief was not unreasonable and that the PCR court did not unreasonably apply the facts in light of the evidence regarding ineffective assistance of counsel. The Magistrate Judge noted that Petitioner testified his trial

4

attorney informed him that he could receive a thirty year sentence. Further, the Magistrate Judge noted that the sentencing judge had also asked Petitioner whether he understood that armed robbery carried a maximum of thirty years, to which he answered in the affirmative. The Magistrate Judge also noted that Petitioner's trial counsel testified he advised Petitioner that the State was willing to recommend a twenty-year cap and that there was never an offer of a ten year cap. Ultimately, the Magistrate Judge found that the PCR court's denial of Petitioner's ineffective assistance of counsel claim was not unreasonable and recommended granting Respondent's motion for summary judgment.

## Discussion

### *Standard of Review*

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Magistrate Judge's Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Before seeking habeas corpus relief, a petitioner must first exhaust his state court remedies by presenting his claims to the state's highest court. In South Carolina, the federal court may only consider those issues in a habeas corpus petition that have been presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the South Carolina Supreme Court actually reached the merits of the claim. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petitioner can show both

5

cause for noncompliance with the exhaustion rule and actual prejudice resulting from the alleged constitutional violation, or "actual innocence," the federal habeas court may consider the claim. Wainwright v. Sykes, 433 U.S. 72, 84 (1977).  Unlike a claim for ineffective assistance of trial or direct appeal counsel, ineffective assistance of PCR counsel does not amount to an independent constitutional violation, and is not therefore sufficient "cause" for a procedural default. Murray v. Giarratano, 492 U.S. 1, 7, 13 (1989); Mackall v. Angelone, 131 F.3d 442, 447-49 (4th Cir. 1997).

Federal courts may not grant habeas corpus relief unless the underlying state adjudication resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable application of facts in light of the evidence presented at the state court proceeding.  See 28 U.S.C. § 2254(d)(1)(2).

*Analysis*

Petitioner's primary objection is to the Magistrate Judge's finding that his second, third, and fourth claims are procedurally barred because of his failure to raise those claims in state court.  Petitioner states that page two of the Magistrate Judge's Report and Recommendation recites grounds two, three, and four of Petitioner's PCR application, showing that he did in fact exhaust state court procedures before raising the second, third and fourth claim in his habeas petition.

Plaintiff's objection is without merit as to the second and third grounds for relief, because he misreads the Magistrate Judge's Report and Recommendation.  It is correct that the Magistrate Judge recites grounds two, three, and four of the PCR application; however, Petitioner's second and third ground for relief in his habeas claim are not identical to those in the

PCR application. Therefore, the Magistrate Judge did not err in finding that the second and third grounds for relief in the habeas petition were not previously raised by Petitioner in state court.

Petitioner also objects to the Magistrate Judge's finding that Petitioner cannot show cause and prejudice to excuse his failure to exhaust state court remedies as to the second and third grounds for relief. Petitioner argues that ineffective assistance of PCR counsel serves as "cause" for failing to raise the second and third claims in his PCR application. Petitioner's objection is without merit. Although ineffective assistance of trial counsel may serve as sufficient "cause," ineffective assistance of PCR counsel is not a valid "cause" to excuse procedural default in the context of a federal habeas claim. See Mackall, 131 F.3d at 447-49. Therefore, the court finds that Petitioner's second and third grounds for habeas relief are procedurally barred.

As to Petitioner's fourth ground for relief, the Magistrate Judge found that Petitioner failed to raise the fourth ground in his PCR application and therefore was procedurally barred from alleging it in his habeas petition. In his PCR application, Petitioner's fourth ground for relief alleged a "sentence calculation error." In the instant petition for habeas relief, Petitioner's fourth claim alleges that the state court lacked jurisdiction to impose the particular sentence he was given. Both claims are essentially the same in substance – that Petitioner was incorrectly found to be ineligible for parole – therefore it appears that Petitioner did raise this claim in his PCR application. Nonetheless, Petitioner failed to raise this issue in his *Johnson* petition. Therefore, Petitioner failed to exhaust state remedies and is procedurally barred from raising this claim in his federal habeas application. As stated earlier, Petitioner fails to state a valid "cause" excusing procedural default, because his allegation of ineffective assistance of PCR counsel is not a cognizable cause.[2]

---

[2] The PCR court considered Petitioner's claim and found that a challenge to conditions upon which parole eligibility is determined is not cognizable in a post-conviction relief application and accordingly dismissed the

Petitioner also objects to the PCR court's decision not to consider his prosecutorial misconduct claim. The PCR court held that Petitioner was procedurally barred from raising prosecutorial misconduct in his PCR application because he did not raise it on direct appeal. Petitioner's objection is that the PCR court unreasonably applied the law in finding that his claim for prosecutorial misconduct was procedurally barred. The instant habeas petition does not raise prosecutorial misconduct as a ground for relief; therefore, the court need not consider this claim. Petitioner does, however allege, in the instant petition ineffective assistance of trial counsel as the reason why he did not file a direct appeal. As stated earlier, Petitioner failed to allege failure of trial counsel to perfect appeal in his PCR application, and therefore, this claim is procedurally barred.

Although Petitioner makes no specific objections to the Magistrate Judge's findings as to his first claim, the court has conducted a thorough review of Petitioner's claim of ineffective assistance of trial counsel with regard to the alleged assurance of a ten-year sentence. The court agrees with the Magistrate Judge's finding that the PCR court's denial of this claim on the merits was not unreasonable.

## **Conclusion**

After a thorough review of the Report and Recommendation, Petitioner's Objections, the record, and the applicable law, the court adopts the recommendation of the Magistrate Judge and incorporates it herein by reference. The court grants Respondent's motion for summary judgment.

---

claim. See Jernigan v. State, 531 S.E.2d 507 (S.C. 2007). The PCR court stated, however, that since the permanent denial of parole eligibility implicates a liberty interest under the Fourteenth Amendment, an inmate is entitled to minimum due process to ensure that the state-created right was not arbitrarily abrogated. See Cooper v. South Carolina Department of Probation, Parole and Pardon Services, 661 S.E.2d 106 (S.C. 2008); Wolff v. McDonnell, 418 U.S. 539 (1974). The PCR court found that Petitioner's allegations should be raised through SCDC's grievance procedures and if Petitioner is dissatisfied, he may seek review of the decision from an Administrative Law Judge.

## **CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court DENIES a certificate of appealability.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

March 22, 2012
Columbia, South Carolina