**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Ronnie Hough, Jr., ) | Civil Action No. 1:11-01141-MBS |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | |
| William R. Byars, Jr., Warden ) | **ORDER AND OPINION** |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court by way of a motion filed by Respondent William R. Byars, Jr. ("Respondent"), seeking to alter or amend an order of the court pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e) motion"). (ECF No. 45.) In the order filed on March 22, 2012 (the "March Order"), the court adopted the recommendation of the Magistrate Judge and granted summary judgment to Respondent on Petitioner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 42.) For the reasons stated below, the court denies Respondent's motion to alter or amend the March Order with leave to re-file.

### I.  RELEVANT BACKGROUND[1]

On May 11, 2011, Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he was entitled to habeas relief on the following grounds: (1) Involuntary guilty plea based on ineffective assistance of trial counsel; (2) Ineffective assistance of trial counsel for failure to adequately investigate and advise Petitioner of possible defenses; (3) Ineffective assistance of trial counsel for failure to perfect an appeal upon Petitioner's request; and (4) The state court lacked jurisdiction to sentence Petitioner to a "no parole offense" when S.C. Code Ann. 16-11-330(a) under which he was sentenced states that, "[a] person

---

1. The March Order contains a thorough recitation of the relevant factual and procedural background of the matter and is incorporated herein by reference.

1

convicted under this subsection is not eligible for parole until the person has served at least seven years of the sentence," implying eligibility for parole. (ECF No. 1.) On August 26, 2011, Respondent filed a motion for summary judgment. (ECF No. 28.) Petitioner filed a timely response in opposition to Respondent's motion for summary judgment on September 7, 2011. (ECF No. 34.)

Thereafter, on December 12, 2011, United States Magistrate Judge Shiva V. Hodges issued a Report and Recommendation in which she found among other things that Petitioner's second and third habeas claims were procedurally barred because Petitioner failed to raise the claims in his Post Conviction Relief ("PCR") application or in his PCR appeal. (ECF No. 36, p. 12.) In this regard, the Magistrate Judge found that Petitioner did not allege "cause and prejudice" thereby excusing his failure to present those claims to the PCR court. (Id. at 14-15.) The Magistrate Judge further found that Petitioner could not show "actual innocence." (Id. at 18.) Based on the foregoing, the Magistrate Judge recommended that Respondent be granted summary judgment on Plaintiff's second and third habeas claims.

On March 22, 2012, the court entered the March Order, adopting the recommendation of the Magistrate Judge. (ECF No. 42.) On March 23, 2012, Respondent filed the instant Rule 59(e) motion, asking the court to alter or amend the March Order to provide an assessment of whether the court's decision was affected by a holding of the United States Supreme Court on March 20, 2012 in Martinez v. Ryan, wherein the Supreme Court held that inadequate assistance of counsel during the initial collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel. (ECF No. 45, p. 1 (citing Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012)).) Specifically in his motion, Respondent requested that the court issue an opinion in light of the Martinez opinion on whether Petitioner

2

had established cause and prejudice to overcome the procedural bars present in the case.  (Id.)

## II.    LEGAL STANDARD AND ANALYSIS

### A.    Motion to Alter or Amend a Judgment under Fed. R. Ci. P. 59

The decision whether to amend or alter a judgment pursuant to Fed. R. Civ. P. 59(e) is within the sound discretion of the district court.  Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995).  Under Fed. R. Civ. P. 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice."  Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994).  "[T]he rule permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'"  Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).  However, Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered."  Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).  Nor should they be used as opportunities to rehash issues already ruled upon because a litigant is displeased with the result.  See Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted.").  "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  Pac. Ins. Co., 148 F.3d at 403.

**B.     The Court's Review**

In his Rule 59(e) motion, Respondent does not state a position regarding whether in the context of the Martinez decision, Petitioner has established cause and prejudice regarding his second and third habeas claims to overcome the procedural bars.  Moreover, Respondent does not request any particular relief in his Rule 59(e) motion.   When a litigant fails to ask for relief, a federal district court is faced with the prospect of rendering an advisory opinion or opining on an issue not before the court.  See Richmond Med. Ctr. For Women v. Herring, 570 F.3d 165, 171-72 (4th Cir. 2009).  Federal courts are prohibited from issuing advisory opinions. Id. at 172.  Therefore, the court denies Respondent's Rule 59(e) motion with leave to re-file pending the parties' submission of supplemental briefing addressing whether Petitioner has established cause and prejudice based on Martinez.

### III.    CONCLUSION

For the foregoing reasons, the court **DENIES** Respondent's motion to alter or amend the court's March 22, 2012 order, with leave to re-file.  The parties are instructed to submit supplemental briefing by May 13, 2013, addressing the application of the Supreme Court's decision in Martinez v. Ryan to the court's determination of cause and prejudice as they relate to Petitioner's second and third habeas claims.

**IT IS SO ORDERED**.


                                         s/Margaret B. Seymour_____
                                         MARGARET B. SEYMOUR
                                         SENIOR UNITED STATES DISTRICT JUDGE

March 28, 2013
Columbia, South Carolina

4