IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronnie Hough, Jr., ) | C.A. No. 1:11-1141-MBS |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| William R. Byars, Jr., Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Ronnie Hough, Jr. is an inmate in custody of the South Carolina Department of Corrections (SCDC) who currently is housed at the Kershaw Correctional Institution in Kershaw, South Carolina. This matter came before the court on May 11, 2011 pursuant to Petitioner's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I. FACTS AND PROCEDURAL HISTORY

On June 20, 2006, Petitioner pleaded guilty in York County, South Carolina, to armed robbery and criminal conspiracy arising out of the robbery of a Food Lion grocery store in Clover, South Carolina. Petitioner was represented by counsel. During the plea colloquy, the trial judge informed Petitioner that the armed robbery charge was classified as a felony and carried a minimum sentence of ten years and a maximum sentence of thirty years. ECF No. 29-1, 5. The trial judge observed that, in exchange for Petitioner's plea, the York County solicitor had agreed to recommend a maximum sentence of twenty years. Petitioner agreed that the recommendation reflected his understanding of the agreement he had with the solicitor's office. Id. at 8. Petitioner stated that no one had threatened or coerced him to plead guilty, that he was satisfied with his attorney, and that his attorney had apprised him of the charges, the witnesses and evidence to be presented at trial, and

the possible legal defenses available to him. Id. at 9. The solicitor then recounted the facts of the robbery, the chase of a getaway car by police, and subsequent apprehension of Petitioner and two other co-defendants on a boat at the shore of Lake Wylie, South Carolina. The solicitor then showed the trial judge a video of the armed robbery as captured by cameras at the Food Lion grocery store. Petitioner informed the trial judge that he did not disagree in any way with the state's recitation of the facts. Id. at 16. The trial judge informed Petitioner of his right to file a notice of intent to appeal within ten days. Id. Petitioner was sentenced to twenty years imprisonment for armed robbery and five years imprisonment for criminal conspiracy, to run concurrently. No notice of appeal was filed challenging the guilty plea or sentence.

On October 3, 2006, Petitioner filed a postconviction relief ("PCR") application, amended on September 28, 2007, asserting the following grounds: (1) ineffective assistance of counsel; (2) due process violations; (3) prosecutorial misconduct; and (4) sentence calculation error. ECF No. 29-1, 35-78. On October 30, 2008, a PCR judge held an evidentiary hearing, at which Petitioner was represented by counsel. PCR counsel informed the court that Petitioner' primary contention was that he entered into a plea agreement with the understanding that he would not get more than ten years incarceration. Id. at 55.

Petitioner testified at the PCR hearing that he wished to plead guilty to ten years incarceration so that he would be released in time to participate in the raising of his son. Petitioner testified that he would not have pleaded guilty if he had known there was a risk of a higher sentence. Id. at 58. Petitioner denied discussing the evidence with trial counsel prior to the day before the guilty plea hearing. Id. at 59. Petitioner testified that he did not tell the trial judge during the plea colloquy that he had been promised a ten year sentence because he had never been in trouble before. Id. at 63.

On December 16, 2008, the PCR hearing reconvened to allow testimony from trial counsel. Trial counsel testified that there had never been an offer from the solicitor of a ten year sentence. Id. at 68. Trial counsel testified that Petitioner had been provided a copy of the discovery, that he met with Petitioner on at least two occasions, and that he relayed to Petitioner the solicitor had offered a cap of twenty years incarceration. Id. at 69-70.

On December 23, 2008, the PCR judge issued an order denying relief and dismissing Petitioner's PCR application. The PCR judge found that Petitioner's due process claim failed to make a prima facie showing entitling Petitioner to relief. The PCR judge further noted that prosecutorial misconduct is not a proper ground for post-conviction relief, but must be raised on direct appeal, and furthermore that Petitioner had raised no evidence to support his allegation. Regarding any sentencing calculation errors made by the SCDC, the PCR judge noted that Petitioner's concerns should be raised through the SCDC grievance system subject to review by an administrative law judge. Id. at 74-75.

Regarding Petitioner's claims of ineffective assistance of counsel, the PCR judge determined that Petitioner's claims that trial counsel did not investigate defenses or discuss evidence with Petitioner were belied by the statements made by Petitioner under oath as reflected in the guilty plea transcript. The PCR judge also noted that Petitioner had been informed by the trial judge that the solicitor was recommending a maximum sentence of twenty years, and Petitioner had placed on the record what amounted to a confession under oath. Id. at 76. The PCR judge further recounted that he had received a memorandum from Petitioner where in Petitioner contended he was singled out for unfair treatment by the solicitor's office, and that his age and lack of a criminal record entitled him to a lesser sentence. The PCR judge found that Petitioner's claim was not grounds for PCR and that, in any event, the trial judge, not the solicitor, determined and imposed Petitioner's sentence.

The PCR judge determined that Petitioner had failed to prove any ineffective assistance of counsel. Id. at 77-78.

On January 21, 2009, Petitioner filed a notice of appeal as to the PCR court's decision. On November 3, 2009, the South Carolina Commission on Indigent Defense filed on behalf of Petitioner a Johnson[1] Petition for Writ of Certiorari with the South Carolina Supreme Court. ECF No. 29-3. The Johnson petition raised as the sole issue:

> Was the guilty plea resulting in a twenty year sentence rendered involuntary by the fact that Petitioner believed he would only receive a ten year sentence?

ECF No. 29-3. On September 23, 2010, the South Carolina Supreme Court denied the petition.

In his § 2254 petition, Petitioner asserts the following grounds:

GROUND ONE: Involuntary guilty plea where trial counsel was ineffective in advising Petitioner that he would receive ten year sentence and guilty plea was based on advice.

GROUND TWO: Ineffective assistance for failure to adequately investigate possible defenses in order to properly advise Petitioner of possible defenses.

GROUND THREE: Ineffective assistance for failure to perfect appeal [to raise grounds of prosecutorial misconduct and Petitioner's claim that he was singled out for unfair treatment].

GROUND FOUR: The court lacked jurisdiction to sentence.

See generally ECF No. 1, 5-12.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the action was referred to United States Magistrate Judge Shiva V. Hodges for review. On August 26, 2011, Respondent filed a motion for summary judgment. By order filed August 26, 2011, pursuant

---

[1] See Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (requiring that counsel follow certain procedures before the court will consider permitting withdrawal of representation based on counsel's determination that his client's post-conviction appeal is meritless).

4

to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately to Respondent's motion. Petitioner filed response in opposition to Respondent's motion on September 7, 2011.

On December 12, 2011, the Magistrate Judge filed a Report and Recommendation. The Magistrate Judge determined that Petitioner's Grounds Two, Three, and Four had not been raised in Petitioner's PCR application, argued during the PCR proceeding, or addressed by the PCR judge. The Magistrate Judge thus determined that Grounds Two, Three, and Four are procedurally defaulted and barred from federal habeas review. See <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). The Magistrate Judge found that Petitioner did not demonstrate cause and prejudice to excuse the procedural default, see <u>Wainwright v. Sykes</u>, 433 U.S. 72, 84 (1977), or that a miscarriage of justice would result in the conviction of an innocent person, see <u>Murray</u>, 477 U.S. at 495-96. The Magistrate Judge also concluded that Ground Four is not cognizable because the court cannot reexamine state court determinations of state law questions such as subject matter jurisdiction. See <u>Wright v. Angelone</u>, 151 F.3d 141, 158 (4th Cir. 1998).

Regarding Ground One, the Magistrate Judge reviewed the PCR judge's findings and determined that the denial of relief was not unreasonable and that the PCR court did not unreasonably apply the facts in light of the evidence regarding ineffective assistance of counsel. The Magistrate Judge noted that Petitioner testified trial counsel informed him that he could receive a thirty year sentence. Further, the Magistrate Judge observed that the trial judge had also asked Petitioner whether he understood that armed robbery carried a maximum of thirty years, to which Petitioner answered in the affirmative. The Magistrate Judge noted that Petitioner's trial counsel testified he advised Petitioner that the solicitor was willing to recommend a twenty-year cap and that

5

there was never an offer of a ten-year cap. The Magistrate Judge therefore recommended that Respondent's motion for summary judgment be granted.

On March 22, 2012, the court filed an order and opinion wherein it adopted the recommendation of the Magistrate Judge. On March 23, 2012, Respondent filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). Specifically, Respondent brought to the attention of the court a Supreme Court opinion filed on March 20, 2012 wherein it held that inadequate assistance of counsel at the initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel. See Martinez v. Ryan, 132 S. Ct. 1309 (2012). In light of this recent opinion, Respondent requested the court to determine whether Petitioner has established cause and prejudice to overcome the procedural default imposed by the court as to Grounds Two and Three. On March 28, 2013, the court denied the Rule 59(e) motion but requested the parties to submit supplemental briefing as to the impact of Martinez on Grounds Two and Three of Petitioner's § 2254 petition. Respondent filed a supplemental brief on May 13, 2013. Petitioner filed a supplemental brief on May 14, 2013.

## II. DISCUSSION

As the Magistrate Judge set forth in detail, a petitioner must first exhaust his state court remedies by presenting his claims to the state's highest court before seeking habeas corpus relief. In South Carolina, the federal court may only consider those issues in a habeas corpus petition that have been presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the South Carolina Supreme Court actually reached the merits of the claim. See 28 U.S.C. § 2254(b)(1)(A). Failure to exhaust state court remedies results in the imposition of a procedural bar. However, as the Magistrate Judge observed, a federal habeas court may consider a defaulted claim if the petitioner can show both

cause for noncompliance with the exhaustion rule and actual prejudice resulting from the alleged constitutional violation, or a miscarriage of justice.

In Martinez, an inmate contended in a § 2254 petition that he received ineffective assistance of trial counsel, but that his post-conviction counsel did not raise the ineffective-assistance claim in the state collateral proceeding. The inmate argued that, because the state collateral proceeding was the first place to challenge his conviction on grounds of ineffective assistance of trial counsel, he possessed a constitutional right to an effective attorney in the collateral proceeding. Id. at 1313. The Martinez Court acknowledged the general rule that there is no constitutional right to counsel in collateral proceedings. Id. at 1316 (citing Coleman v. Thompson, 501 U.S. 722, 753-54 (1991)). However, the Court also observed that where the collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, "the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim." Id. at 1317. The Court determined that within the context of such a state procedural framework, a post-conviction relief counsel's ineffectiveness qualifies as cause for a procedural default. Id. at 1318. The Court ultimately held that, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial, if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Id. at 1320. The Court further held that a prisoner must demonstrate that his claim of ineffective assistance of trial counsel is substantial. Id. If a prisoner can meet the burden of showing the post-conviction counsel was ineffective for failing to raise a potentially meritorious claim of ineffective assistance of trial counsel, and that he was prejudiced as a result, a federal habeas court may disregard the procedural bar to consider the merits of trial counsel's deficient

7

performance. Id. As the parties correctly note, South Carolina requires claims of ineffective assistance of trial counsel to be raised for the first time in a PCR application.

In this case, Petitioner's Ground Two and raised to and ruled on by the PCR judge, but was not raised on appeal. Petitioner's Ground Three was raised to and ruled on by the PCR judge to the extent Petitioner alleges he was subject to prosecutorial misconduct and unfair treatment, but was not raised on appeal. Because Petitioner did not exhaust his state court remedies by seeking appellate review of Grounds Two and Three, the court found procedural default barred habeas review. Under the equitable rule announced in Martinez, the court would be required to find ineffective assistance of PCR appellate counsel as to Ground Two, and ineffective assistance of PCR counsel for failing to couch Ground Three as an ineffective assistance of trial counsel claim.

Assuming for purposes of discussion that Martinez can be stretched to the boundaries set forth hereinabove, the court concludes that Grounds Two and Three are not so substantial as to allow the court to disregard procedural default. Regarding Ground Two, Petitioner acknowledged under oath during the guilty plea colloquy that he had been fully apprised by trial counsel regarding any possible defenses as well as the evidence in the state's possession. The court further notes that any deficiency regarding discovery was cured during the guilty plea proceeding when Petitioner was present during the playing of the Food Lion videotapes and admitted to his participation in the crime. Regarding Ground Three, Petitioner has articulated no facts to support his claims of prosecutorial misconduct or unfair treatment by the solicitor's office. Accordingly, trial counsel was not ineffective for failing to raise these issues on appeal.

### III. CONCLUSION

For the reasons stated, Respondent's motion for summary judgment, as supplemented, is granted as to Grounds Two and Three. The court incorporates herein from its March 22, 2012 order

8

its reasoning as to Grounds One and Four.  Petitioner's § 2254 petition is denied and dismissed, with prejudice.

## IV.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Petitioner has not made the requisite showing.   The court denies a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 15, 2014.